_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00613-FWS-JDE | Date: April 14, 2023 |
| Title: The Bank of New York Mellon v. Nita Chidester *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION**

     Before the court is Defendants Cynthia Chidester and Nita Chidester's ("Defendants") Application to Proceed *in forma pauperis* ("IFP Application" or "App."). (Dkt. 3.) Based on the state of the record, as applied to the applicable law, the court *sua sponte* **REMANDS** this action to the California Superior Court for the County of Orange and **DENIES AS MOOT** the IFP Application, (Dkt. 3).

     "Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). If the court determines it lacks subject matter jurisdiction over a removed action at any time before final judgment, the court must remand the action. 28 U.S.C. § 1447(c).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00613-FWS-JDE | Date: April 14, 2023 |
| Title: The Bank of New York Mellon v. Nita Chidester *et al.* | |

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). Generally, federal question jurisdiction under § 1331 is found where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). To establish diversity jurisdiction, a plaintiff must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

In this case, the Notice of Removal asserts that the court's basis for subject matter jurisdiction over this action is federal question jurisdiction under 28 U.S.C. § 1331 based on purported violations of Defendants' constitutional rights and diversity jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and an adequate amount in controversy. (*See* Dkt. 1 at 1-4.)

However, in reviewing the Complaint, the court finds it lacks federal question jurisdiction. As noted, an action "arises under federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations and internal quotation marks omitted). Because the basis for federal question jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," removability "cannot be created by defendant pleading a counter-claim presenting a federal question." *Id.* at 822. Similarly, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00613-FWS-JDE                                     Date: April 14, 2023
Title: The Bank of New York Mellon v. Nita Chidester *et al.*

In this case, Plaintiff The Bank of New York Mellon ("Plaintiff") brings an unlawful detainer action pursuant to California state law against Defendants and no claims arising under federal law.  (*See* Dkt. 1 at 5.)  Accordingly, the court lacks federal question jurisdiction over this action.  Defendants' assertions that federal question jurisdiction lies on the basis of asserted constitutional violations related to the unlawful detainer do not change this conclusion.  These claims, whether acting as counterclaims or as affirmative defenses, cannot establish federal jurisdiction.  *See Takeda*, 765 F.2d at 822; *Vaden*, 556 U.S. at 60.

The court also lacks diversity jurisdiction over this case.  This case was filed in state court as a limited civil case for which Plaintiff seeks relief in an amount less than $25,000.  (*See* Dkt. 1 at 17.)  Therefore, the amount in controversy falls short of the jurisdictional requirement of $75,000.  (*Id.*)  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citations omitted) ("[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount.").  Accordingly, the court also lacks diversity jurisdiction.  *See Matheson*, 319 F.3d at 1090.

Because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the court must remand a removed action over which it lacks subject matter jurisdiction, 28 U.S.C. § 1447(c), the court *sua sponte* **REMANDS** this action to the California Superior Court for the County of Orange and **DENIES AS MOOT** the IFP Application (Dkt. 3).  *See also Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (noting "[s]ubject matter jurisdiction may not be waived" and "the district court must remand if it lacks jurisdiction.").

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

_____